UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Luigino's, Inc.,

Plaintiff,

vs. MINUTE ORDER

IBP, Inc. and
Robert Peterson,

Defendant. Civ. No. 00-1246 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 13th day of November, 2000.

* * *

On November 9, 2000, the Court heard argument on the Plaintiff's informal Motion to enter a Confidentiality Order which permits certain individuals, namely individuals associated with the business operations of the respective parties, to view "Attorney's Eyes Only" materials. The parties are competitors in a food products market which is aggressively competitive. At the time of the Hearing, the Plaintiff, Luigino's, Inc., appeared by George G. Eck and James D. Kremer, Esqs.; and the Defendants, IBP, Inc., and Robert Peterson, appeared by Emmett J. McMahon, Esq. We deny the Motion, but without prejudice to its renewal.

Luigino's asks that Jeno F. Paulucci, who we understand to be the founder, and owner of the Luigino's, be allowed to view

FILED NOV 13 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

material, on behalf of Luigino's, and that Robert Peterson be allowed to view materials, on behalf of IBP and himself, which the opposing party has designated as "For Attorneys' Eyes Only." IBP, Inc., and Robert Peterson, resist this request, arguing that only the attorneys, including in-house attorneys, be permitted to view the information and, if that proves unworkable, then later, a party may seek a greater scope of disclosure by making a competent showing to the Court, if the parties, at that time, are unable to agree. Given the highly competitive nature of the marketplace, in which these parties compete, and the proprietary information that they may be obligated to disclose to the opposing side, we concur in the approach advocated by IBP, Inc., and Robert Peterson.

At this preliminary stage, the parties are unable to quantify the volume of documents which properly should bear a designation of "For Attorneys' Eyes Only" and without knowing the content of the documents, which the opposing party should so designate, they are unable to suggest the criticality of the information in the context of needed advice to and from their respective clients. We further conclude that the absence of strict confidentiality is furthered by narrowing the allowable disclosures, absent a need for disclosure. A party could be substantially prejudiced if, through inadvertence or otherwise, a valued trade secret were abused in such a way as to lose its competitive edge. Accordingly, we believe that, at least

initially, the most practical way of proceeding would restrict the disclosure of "For Attorneys' Eyes Only" documents to attorneys, and such independent consultants who agree to be bound by a stringent confidentiality agreement. We leave to the parties the preparation of such an agreement.

If, for reasons not now apparent, this approach proves to be unworkable, or prejudicial, then the parties, or either of them, may approach the Court for further remedial relief.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's informal Motion is DENIED, but without prejudice.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE