**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Case No.: 00-CV-1246 DWF/RLE

Luigino's, Inc.,
a Minnesota corporation,

Plaintiff,

vs.

Robert Peterson, individually, and
IBP, Inc., a Delaware corporation,

Defendants.

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, to facilitate production and receipt of information during discovery in the above-referenced case, plaintiff Luigino's, Inc. ("Luigino's") and defendants Robert Peterson and IBP, inc. (collectively "IBP"), have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secrets and other confidential research, development, financial, or commercial information that may be produced or otherwise disclosed by them during the course of this action.

NOW, THEREFORE, Luigino's and IBP stipulate that the following procedure shall be adopted for the protection of confidential and proprietary information:

**DEFINITIONS:**

1. For purposes of this Order, CONFIDENTIAL INFORMATION means any confidential or proprietary technical, scientific, or business information that is not generally known and that the "Producing Party" would normally maintain in confidence and not reveal to a third



75 76

MAR 12 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

party. Any information that is derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL INFORMATION.

2. For purposes of this Order, HIGHLY-CONFIDENTIAL INFORMATION means any very sensitive CONFIDENTIAL INFORMATION the Producing Party reasonably believes the disclosure of which is likely to seriously harm the competitive positions of the Producing Party. Any information that is derived from HIGHLY-CONFIDENTIAL INFORMATION also constitutes HIGHLY-CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any HIGHLY-CONFIDENTIAL INFORMATION.

3. For purposes of this Order, "Producing Party" means a party to this action or any non-party, including but not limited to Goldsmith, Agio, Helms and Company, on behalf of which information is furnished or produced during the course of this action. CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION of the Producing Party may be furnished or produced in response to requests for production of documents, interrogatories, requests for admissions, depositions, subpoenas, or any other request for discovery pursuant to the Federal Rules of Civil Procedure or by the local rules of the United States District Court for the District of Minnesota; or may be furnished or produced in compliance with initial disclosures or any other disclosures required by the Federal Rules of Civil Procedure or by the local rules of the United States District Court for the District of Minnesota; or may be furnished or produced in the form of pleadings, briefs, memoranda, expert reports, testimony adduced at trial, or materials to be introduced into evidence; or may be furnished or produced voluntarily or informally by a party to this action or any third party.

4. For purposes of this Order, "Receiving Party" means a party to this action or any non-party to which information is furnished or produced during the course of this action. CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION may be furnished or produced to the Receiving Party in response to requests for production of documents, interrogatories, requests for admissions, depositions, subpoenas, or any other request for discovery pursuant to the Federal Rules of Civil Procedure or by the local rules of the United States District Court for the District of Minnesota; or may be furnished or produced in compliance with initial disclosures or any other disclosures required by the Federal Rules of Civil Procedure or by the local rules of the United States District Court for the District of Minnesota; or may be furnished or produced in the form of pleadings, briefs, memoranda, expert reports, testimony adduced at trial, or materials to be introduced into evidence; or may be furnished or produced voluntarily or informally by a party to this action or any third party.

5. By way of example and without limitation, the term "documents" shall have the same meaning as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include but not be limited to correspondence, memoranda, bulletins, circulars, advertisements, catalogs, publications, or other printed matter, interoffice and/or intracorporate communications, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, maps, charts, books of accounts, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, any media (whether disk, tape, ROM, CD-ROM, punch card, electromagnetic, optical, or mechanical) from which data can be obtained, sketches, drawings, notes (including laboratory notebooks and

records), blueprints, disclosures, models, data, reports, work assignments, instructions, and other writings.

**DESIGNATION OF INFORMATION:**

6. It is contemplated that one or more of the parties may make available certain of their files for inspection by the other party, which files may contain confidential as well as nonconfidential material, and that following such inspection an inspecting party will designate documents to be copied and the copies furnished or produced to it. All documents and their contents made available for such inspection shall be assumed to be HIGHLY-CONFIDENTIAL INFORMATION and shall be treated as such until the Producing Party has had the opportunity to designate and mark selected furnished documents as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION according to paragraphs 7-8 hereof. Any documents not designated to be copied shall remain HIGHLY-CONFIDENTIAL INFORMATION.

7. Whenever a document or thing produced by any party involves a disclosure of information that the Producing Party deems to be CONFIDENTIAL INFORMATION and wishes to be made subject to this Protective Order, the Producing Party shall designate the appropriate level of confidentiality by marking the document or thing with the following (or similar) legend at the time it is turned over to the Receiving Party:

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Any copy made of such document or thing or any abstract, summary, or memorandum embodying information designated pursuant to this Protective Order shall bear on its face the same (or similar) legend.

8. Whenever a document or thing produced by any party involves a disclosure of information that the Producing Party deems to be HIGHLY-CONFIDENTIAL INFORMATION and wishes to be made subject to this Protective Order, the Producing Party shall designate the appropriate level of confidentiality by marking the document or thing with the following (or similar) legend at the time it is turned over to the Receiving Party:

**CONFIDENTIAL**
**ATTORNEYS' EYES ONLY**

**OR**

**ATTORNEYS' EYES ONLY**

Any copy made of such document or thing or any abstract, summary, or memorandum embodying information designated pursuant to this Protective Order shall bear on its face the same (or similar) legend.

9. If, during the course of discovery in this action, the parties hereto, or their representatives, are authorized to inspect another party's facilities, or processes of product manufacture, any information learned or documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party, subject to the other provisions of this Protective Order, to comprise or to be HIGHLY-CONFIDENTIAL INFORMATION and shall be treated as such.

10. Whenever a deposition taken on behalf of any party hereto involves a disclosure of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION of another party, the following procedure shall be implemented:

(1) In advance of or during the disclosure, or upon the conclusion of the deposition, the party whose CONFIDENTIAL INFORMATION is subject to disclosure shall

state that the testimony is CONFIDENTIAL INFORMATION and advise all persons present that the information is subject to this Protective Order. Testimony may be designated CONFIDENTIAL INFORMATION by designating the subject matter of the testimony, or the entire transcript, as being subject to this Protective Order. The testimony shall be separately transcribed and marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER." Only those persons designated in paragraph 12 hereof or those persons following the procedures set forth in paragraphs 14-17 hereof shall be permitted to listen to or read this testimony.

(2) In advance of or during the disclosure, or upon the conclusion of the deposition, the party whose HIGHLY-CONFIDENTIAL INFORMATION is subject to disclosure shall state that the testimony is HIGHLY-CONFIDENTIAL INFORMATION and advise all persons present that the information is subject to this Protective Order. Testimony may be designated HIGHLY-CONFIDENTIAL INFORMATION by designating the subject matter of the testimony, or the entire transcript, as being subject to this Protective Order. The testimony shall be separately transcribed and marked "CONFIDENTIAL: ATTORNEYS' EYES ONLY." Only those persons designated in paragraph 13 hereof or those persons following the procedures set forth in paragraphs 14-17 hereof shall be permitted to listen to or read this testimony.

(3) If a designation of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION is not made in advance of or during the disclosure at a deposition, or if additional material from the deposition is to be designated as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, a party may designate the deposition or parts thereof with the appropriate level of

confidentiality by written notice within 14 days of the mailing of the deposition transcript. All persons with copies of the deposition transcript shall then mark their copies with the above legend. Until the 14-day period has expired, all deposition testimony and transcripts shall be treated in their entirety as HIGHLY-CONFIDENTIAL INFORMATION covered by this Stipulation and Protective Order.

11. In the event that any documents, things, or information that has been designated HIGHLY-CONFIDENTIAL INFORMATION is included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the clerk of the court, such documents, things, or information and related materials shall be filed with the clerk of the court in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the following (or similar) notation:

**CONFIDENTIAL**
**ATTORNEYS' EYES ONLY**
**DATED ________, 2000**
**Case No. 00-CV-1246 DWF/RLE**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED, OR REVEALED EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES.**

**USE OF CONFIDENTIAL INFORMATION:**

12. All material produced by any party pursuant to pretrial discovery in this action which is designated by the Producing Party as containing or comprising CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Protective Order by the Receiving Party and used solely in the preparation, prosecution, or trial of this action. Subject to the provisions of paragraphs 14-17 hereof, CONFIDENTIAL INFORMATION should only be disclosed to:

those persons identified in paragraph 13 hereof and any representatives or employees of the receiving party who are directly involved in this litigation.

13. All material produced by any party pursuant to pretrial discovery in this action which is designated by the Producing Party as containing or comprising HIGHLY-CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Protective Order by the Receiving Party and used solely in the preparation, prosecution, or trial of this action. Subject to the provisions of paragraphs 14-17 hereof, HIGHLY-CONFIDENTIAL INFORMATION should only be disclosed to:

(a) the party who designated the item HIGHLY-CONFIDENTIAL INFORMATION;

(b) a present officer, agent, employee, attorney, or Rule 30(b)(6) designee of such Producing Party;

(c) a witness who is a former officer, director, agent, employee, or attorney of such Producing Party, provided there is a good faith basis for believing the witness may have previously authored or received the HIGHLY-CONFIDENTIAL INFORMATION or a good faith basis for believing the witness may have been involved with the specific matters to which the HIGHLY-CONFIDENTIAL INFORMATION is directed at the time of the events to which the HIGHLY-CONFIDENTIAL INFORMATION is directed (if this provision applies, the HIGHLY-CONFIDENTIAL INFORMATION will be used solely for purposes of examining or cross-examining the witness during a deposition or trial, and the witness will not be permitted to retain any

documents or things containing HIGHLY-CONFIDENTIAL INFORMATION unless the witness is otherwise authorized to receive HIGHLY-CONFIDENTIAL INFORMATION);

(d) a non-party entity who authored or received the item prior to its production to the other party;

(e) the law firms of ROBINS, KAPLAN, MILLER & CIRESI L.L.P. and DRAGE, DE BEAUBIEN, KNIGHT, SIMMONS, MANTZARIS & NEAL, L.L.P., and DORSEY & WHITNEY, LLP, including their respective support personnel;

(f) IBP's in-house counsel Rich Jochum, Sheila Hagen and Nathan Hodne; Foodbrands, Inc.'s in-house counsel Jenna Johnston; and Foodbrands, Inc.'s retained counsel Chris Coleman;

(g) Luigino's in-house counsel;

(h) outside independent individuals or businesses employed by counsel as described and limited in paragraphs 14 and 15 hereof;

(i) mock jurors, focus group members, trial consultants and jury consultants as described and limited in paragraphs 16 and 17 hereof; or

(j) the Court and its officers.

This provision (and as it applies to all other provisions of this Protective Order) prevents any employee of one party from receiving any HIGHLY-CONFIDENTIAL INFORMATION of another party, unless that person receiving the information satisfies one of sub-paragraphs (a)-(j) of this paragraph.

14. Before any disclosure of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION of another party is made to an outside independent individual or business employed by counsel for assistance in the preparation, prosecution, or trial of this action, such individual or business shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form attached hereto as "Exhibit A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the employing counsel for reference should such be necessary. For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such consultant to whom CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION is disclosed of the obligations imposed by this Protective Order.

15. Notwithstanding the provisions of paragraph 14, no disclosure of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION shall be made by counsel for the Receiving Party to any outside individual or business if it is known, either through execution of a confidentiality agreement in the form attached as "Exhibit A" or for some other reason, that the individual (or, in the case of a business, any officer or employee of the business) or his/her spouse had a past or present employment or consulting agreement, arrangement, or understanding with the opposing party. In that event, the Receiving Party will identify the individual and provide to the Producing Party a copy of the signed "Exhibit A" prior to making any disclosure in sufficient time (not less than ten (10) calendar days) for the Producing Party to object. If objection is made, no disclosure shall be made to the individual until the matter is resolved.

16. Before any disclosure of CONFIDENTIAL INFORMATION or HIGHLY-

CONFIDENTIAL INFORMATION of another party is made to mock jurors, focus group members, and the like selected by trial consultants, jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached hereto as "Exhibit B" and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION of another party shall be left in the possession of any such person.

17. Notwithstanding the provisions of paragraph 16, no disclosure of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION shall be made by counsel for the Receiving Party to any mock juror, focus group member, or the like, if it is known, either through execution of a confidentiality agreement in the form attached as "Exhibit B" or for some other reason, that the individual or the individual's spouse had a past or present employment or consulting agreement, arrangement, or understanding with the opposing party. In that event, the Receiving Party will identify the individual and provide to the Producing Party a copy of the signed "Exhibit B" prior to making any disclosure in sufficient time (not less than ten (10) calendar days) for the Producing Party to object. If objection is made, no disclosure shall be made to the individual until the matter is resolved.

**INFORMATION DESIGNATED IMPROPERLY:**

18. The restrictions set forth in any of the preceding paragraphs shall not apply to:

(a) any information which at the time of disclosure is available to the public;

(b) any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the Receiving Party, its counsel, or its independent consultant;

(c) any information which the Receiving Party must be able to prove: (i) was already known to the Receiving Party from legitimate sources, (ii) was independently developed by the Receiving Party, (iii) was obtained from the Producing Party without having been identified as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION (subject to the provisions and circumstances provided for in paragraphs 22-24 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence; or

(d) any information which the Producing Party would normally reveal to third parties without causing those third parties to maintain the information in confidence.

19. The receipt of any document, thing, pleading, or response to any interrogatory designated as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION by a party shall not be construed as an agreement by any party that any such document, thing, pleading, or response to an interrogatory is in fact confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

20. The parties shall act in good faith in designating information and materials as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION. In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, the Producing Party shall substantiate, within seven (7)

calendar days of such challenge, the basis for such designation in writing. The parties shall then attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated in the manner designated by the Producing Party until resolved by the Court.

21. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION and a failure to do so shall not preclude a subsequent challenge of a designation. The burden of proof with respect to any alleged impropriety or incorrectness in the designation of information as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION shall rest on the Receiving Party, and such burden shall be substantial. The parties' conduct in discovery as to producing and receiving CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION shall have no effect on the substantive issues in this dispute or the burdens of proof at trial.

**INFORMATION INADVERTENTLY DISCLOSED:**

22. If a Producing Party inadvertently discloses to a Receiving Party any document, thing,

or information containing information that the Producing Party deems confidential without designating it as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, the Producing Party shall promptly upon discovery of such inadvertent disclosure inform the Receiving Party in writing and the Receiving Party shall thereafter treat the document, thing, or information as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL

INFORMATION under this Protective Order. To the extent such document, thing, or information may have been disclosed to persons other than authorized persons described in this Protective Order, the Receiving Party shall make every reasonable effort to retrieve the document, thing, or information promptly from such persons and to prevent any further disclosure to unauthorized persons.

23. If a Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, said Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return such inadvertently produced item or items of information, and all copies thereof, within ten (10) days of the earliest of (a) discovery by the Receiving Party of the inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents, things, or information in accordance with the Federal Rules of Civil Procedure.

24. It is understood that no person or party shall incur liability with respect to any disclosure by the Receiving Party of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION that was inadvertently disclosed without proper designation by the Producing Party, provided the disclosure by the Receiving Party occurred prior to the receipt by the Receiving Party of a written notice of the inadvertent disclosure without proper designation.

**TERMINATION OF LITIGATION OR SETTLEMENT:**

25. Within 90 days of the conclusion or final settlement of this action and any appeal, all

persons subject to the terms hereof shall destroy or assemble and return to the party who produced the CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, all such CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, including depositions and deposition exhibits designated as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, and all copies thereof; and shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION; except that Counsel may retain one archival copy of court filings and attorney work-product containing CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, which materials will otherwise remain subject to this Stipulation and Protective Order. The parties shall notify and advise the producing party whether they plan to destroy or assemble and return to the producing party the CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION.

**ADDITIONAL PROTECTION OF CONFIDENTIAL INFORMATION AND HIGHLY-CONFIDENTIAL INFORMATION:**

26. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

**PRODUCTION OF CONFIDENTIAL INFORMATION OR HIGHLY-CONFIDENTIAL INFORMATION BY NON-PARTIES:**

27. The production of any CONFIDENTIAL INFORMATION or HIGHLY-

CONFIDENTIAL INFORMATION by non-parties shall be subject to all the terms and conditions of this Stipulation and Protective Order. Pursuant to this Protective Order, a non-party shall be considered to be a Producing Party and shall have the same rights as the parties to designate information as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION and the same rights to object to disclosures of their CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION to individuals or businesses other than those specified in paragraphs 12 or 13.

**OBLIGATION OF PARTIES:**

28. Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under their supervision or control.

29. Nothing in this Stipulation and Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, provided counsel does not disclose CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION in a manner not specifically authorized under this Stipulation and Protective Order.

DATED: February ____, 2001

DRAGE, DE BEAUBIEN, KNIGHT, SIMMONS, MANTZARIS & NEAL, L.L.P.

By: ______________________

David H. Simmons
Dale T. Gobel
Post Office Box 117
332 North Magnolia Avenue
Orlando, Florida 32802

Attorney for Plaintiff
Luigino's, Inc.

DATED: ~~February~~ March 7, 2001

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: ______________________

Ronald J. Schutz
Emmett J. McMahon
Rita Coyle DeMeules
Keiko L. Sugisaka
Misti Nelc
2800 LaSalle Plaza
800 LaSalle Ave. S.
Minneapolis, MN 55402-2015
(612) 349-8500

Attorneys for Defendants
Robert Peterson and IBP, inc.

IT IS SO ORDERED, with the consent of the parties, this 12th day of March, 2001. It is further ORDERED that this Stipulation and Protective Order supercedes the Stipulation and Order entered on December 1, 2000.

______________________
Raymond L. Erickson
Magistrate Judge of the U.S. District Court

DATED: February 12, 2001

DORSEY & WHITNEY, L.L.P.

By: [signature]

George G. Eck
James D. Kremer
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402

Attorneys for Plaintiff
Luigino's, Inc.

**EXHIBIT A**

**ACKNOWLEDGMENT AND CONSENT TO PROTECTIVE ORDER**

I, ________________________________, state:

I reside at ______________________________;

I have read the Protective Order dated ___________, 2001 and have been engaged as a _______________ on behalf of ________________________ inpreparation and conduct of the litigation between *Luigino's Inc. v. Robert Peterson and IBP, inc., Court File No. 00-CV-1246 DWF/RLE,* in the United States District Court for the District of Minnesota.

The following is a description of any past or present employment or consulting arrangement that I or my spouse have had with any of the parties in this case:

Names of Companies: ___________________________________________

Type of Relationship (e.g., employee): ________________________________

Time Periods: ___________________________________________________

Subject Matter:

___________________________________________________

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents or things designated as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of these actions, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the term of said Protective Order.

I consent to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcing my obligations hereunder, and submit to that Court's authority for any violations hereunder.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________, 2001.

________________________________
(Signature)

**EXHIBIT B**

**ACKNOWLEDGMENT AND CONSENT TO PROTECTIVE ORDER**

I, ________________________________, state:

I reside at ______________________________;

I have read the Protective Order dated __________, 2001 and have been engaged as a ______________ on behalf of ______________________________ inpreparation and conduct of the litigation between *Luigino's Inc. v. Robert Peterson and IBP, inc., Court File No. 00-CV-1246 DWF/RLE,* in the United States District Court for the District of Minnesota.

The following is a description of any past or present employment or consulting arrangement that I or my spouse have had with any of the parties in this case:

Names of Companies: ____________________________________________

Type of Relationship (e.g., employee): ________________________________

Time Periods: __________________________________________________

Subject Matter:

__________________________________________________________

I am fully familiar with and agree to comply with and be bound by the provisions of said Order.

I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of these actions, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the term of said Protective Order.

I consent to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcing my obligations hereunder, and submit to that Court's authority for any violations hereunder.

I state under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Executed on ____________________, 2001.

______________________________________
(Signature)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE***.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.