UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Luigino's, Inc.,

Plaintiff,

vs. MINUTE ORDER

IBP, Inc. and
Robert Peterson,

Defendants. Civ. No. 00-1246 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of April, 2001.

* * *

On April 4, 2001, the Court heard argument on the parties' informal discovery dispute, which arose in the context of the deposition of David Ahlgren ("Ahlgren"), who appears to be a higher management employee of the Plaintiff, and who is involved in the Plaintiff's product development. At the time of the Hearing, the Plaintiff appeared by Dale T. Gobel, Esq., and the Defendants appeared by Emmett J. McMahon, Esq. For reasons expressed at the time of the Hearing, the Plaintiff's objection to defense counsel's question to Ahlgren, to provide his definition of the term "entree," without reference to a document defining that term, is overruled. In turn, the request by the Plaintiff, for a Protective

APR 04 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

91

Order, which would assure that the deposition of Ahlgren would proceed with civility, and expedition, is granted.

As we explained at the close of the Hearing, our experience in this litigation teaches that, for whatever reason, the term "entree" appears to have a substantive meaning or, perhaps, it is a term of art in the market in which the parties are competitors.[1] We are satisfied that, if witnesses are being questioned as to the meaning of that term, the respective parties are entitled to know whether that is a meaning based upon the witness' independent judgment, or is a recital from a document. While, ultimately, the inquiry may prove to be irrelevant, we cannot say it has no relevance on the present showings.

With respect to the conduct of this deposition, we grant a Protective Order without reference to any specific conduct by either the Plaintiff's or the Defendants' counsel. Their respective renditions of what occurred, prior to involving the Court, are markedly different. For these purposes, we merely make plain that we have no indulgence for those who would transform a legitimate

[1]For example, during a Hearing on March 29, 2001, the Court was advised that, at least for certain discovery purposes, the meaning of the term "entree" can be defined by reference to its location in a retail frozen food display. If that is an acceptable definition, then we have no hesitancy in allowing a deponent to define the term as he or she understands its import, and without reference to a documentary collateral source.

opportunity to inquire, into a gauntlet of invective, discourtesy, and incivility, whether it be by a questioner, an objector, or a witness. Depositions should be dedicated to the serious business at hand, and any attempt to employ that forum for abuse will be promptly, and sternly, rectified. While directed at Ahlgren's deposition, this advisory applies to any deposition over which this Court has supervisory authority.

NOW, THEREFORE, It is --

ORDERED:

That, as more fully explained in the text of this Minute Order, the objection to inquiring as to the deponent's definition of "entree" is OVERRULED, and the Court grants the Plaintiff's informal Motion for a Protective Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE