UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Luigino's, Inc.,

Plaintiff,

vs. MINUTE ORDER

IBP, Inc. and
Robert Peterson,

Defendants. Civ. No. 00-1246 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 19th day of April, 2001.

* * *

On April 18, 2001, the Court heard argument on the Plaintiff's informal Motion for a Protective Order. At the time of the Hearing, the Plaintiff appeared by Dale T. Gobel, Esq., and the Defendants appeared by Rita Coyle DeMeules, Esq. For reasons expressed at the close of the Hearing, the Motion for a Protective Order is granted.

Briefly summarized, the Plaintiff sought to question the deponent on the origin of a document which bears a specific Bates number. The Defendants claim the Bates number is incorrect in designating the source of the document -- that is, from what organization the document was produced. The Plaintiff questions the misidentification of the document, and wishes to inquire of

FILED APR 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

this deponent, and others, whether the witness knows the origin of the document. The Plaintiff has attempted to elicit such information by showing the witness the Bate-stamped document. The Defendant has objected to that practice, for fear that the Bates stamp will mislead the witness into forming a belief that the document was produced consistent with the Bates stamp. Accordingly, the Defendant has made a record, at the time of the questioning, which reflects that the Bates designation was inaccurately stamped upon the document. The Plaintiff regards the making of that record to be an argumentative or suggestive objection prohibited by Rule 30(d)(1), Federal Rules of Civil Procedure.

Since we are unable to divine the origin of the document in question, and believe that the Plaintiff is entitled to question witnesses as to its source, we directed that such an inquiry be made in conjunction with a copy of the document which bears an identification that would not suggest its origin, such as an Exhibit number. If the witness knows the source of the document, the witness can be questioned on that subject matter fully. On the other hand, if the document was improperly Bate-stamped, then the witness should not be mislead into believing that the Bate stamp has substance or significance. Discovery, including depositions, is intended to search for the truth, and to afford each party equal access to non-privileged, relevant information. By the procedure

we direct, the Plaintiff's right to inquire is left unfettered, while the Defendants' concern that a witness could be misled by an assertedly inaccurate Bate stamp is effectively eliminated.

Accordingly, the Plaintiff's Motion that the Defendants be precluded from making a Record on the origin of the disputed document is granted, so long as the document bears a neutral identification. While we deplore narrative objections, we find the record, which the Defendants here made, to be required under the circumstances -- a requirement eliminated by the substitution of a neutral document identifier.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's informal Motion for a Protective Order is GRANTED, to the extent allowed in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE.***

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.