UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

LUIGINO'S, INC.,
a Minnesota corporation,

ORDER

Plaintiff,

v.

ROBERT PETERSON, individually, and
IBP, INC., a Delaware corporation,

Defendants.

CASE NO.: OO-CV-1246 DWF/RLE

_______________________________/

At Duluth, in the District of Minnesota, this 14th day of May, 2001:

On March 29, 2001, the Court heard argument on the Plaintiff's Motion to Compel Production of Documents and Defendants' Motion to Compel Production of Documents on Privilege Logs. At the time of the hearing, the Plaintiff, Luigino's, Inc. ("Luigino's"), appeared by David H. Simmons, Esq.; and the Defendants, IBP, Inc., and Robert Peterson (collectively "IBP"), appeared by Emmett J. McMahon and Keiko L. Sugisaka, Esqs. As we stated at the close of the hearing, Plaintiff's Motion is GRANTED in part and DENIED in part, and this Court defers its ruling on Defendants' Motion.

NOW, THEREFORE, It is - -

ORDERED:

1. Plaintiff's Motion to Compel is GRANTED in part and DENIED in part as follows:

a) As regards permitting a representative of Plaintiff to review those documents hat Defendant has produced with the designation "FOR ATTORNEY'S EYES ONLY," counsel for Plaintiff shall submit a list of those documents desired to be released from this status. Counsel for Defendant shall have 7 days to respond in writing to

FILED MAY 14 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED ____________
DEPUTY CLERK ____________

such request. If counsel cannot agree upon the documents to be released from "Attorney's Eyes Only" status, counsel shall meet and confer (telephonically or in person) within 7 days of the date of such response for the purpose of attempting to resolve which of such documents produced by Defendants shall be released to Plaintiff for Plaintiff's representative's review. For each document reviewed by counsel that they cannot agree upon, counsel for Plaintiff shall create a list and set forth such documents and the bases (with attached Memorandum of Law) for believing that they should be reviewable by a representative of Plaintiff. Defendants' counsel shall explain in such list (with attached Memorandum of Law in support) the bases for its objection to a review of such document by a representative of Plaintiff. The list with the contested documents shall be filed under seal with the Court for determination by the Court of whether to grant or deny Plaintiff's request for review of such documents.

b) As regards Plaintiff's Motion to Compel the production of documents in Set III, Requests No. 11, 15, 19, 23, 27, 31, 35, 43, and 47, Defendant-IBP shall produce all documents that relate or pertain to IBP's, Foodbrands', and/or Specialty Brands' entry into the retail branded frozen food entrée business. Such documents include but are not limited to all documents relating to IBP's, Foodbrands', and/or Specialty Brands' development of the Jose Ole line of foods (whether or not the name Jose Ole was used to identify such products). Defendants' counsel has represented to this Court that Defendants have produced all such documents to Plaintiff.

c) As regards Plaintiff's Motion to Compel the production of documents in Set III, Request No. 4, Defendants shall produce to Plaintiff within 7 days of the date of this

Order all of those documents representing contracts and/or agreements between Don Miguel and IBP, including any contracts for sale of assets or stock, and confidentiality agreements.

d) As regards Plaintiff's Motion to Compel the production of documents in Set III, Requests No. 5, 6, 7, and 8, Plaintiff withdraws this portion of this Motion without prejudice at this time, and this Court defers on this Request based upon Plaintiff's statement that Plaintiff will review the documents ordered by the District court in Chicago.

e) As regards Plaintiff's Motion to Compel the production of documents in Set I, Request 13, Defendant-IBP shall produce the entire agreement for the acquisition of Food Brands and/or Specialty Brands, Inc., by IBP, including any other documents evidencing Defendant-Peterson's knowledge or notice of the products manufactured or produced by Foodbrands and/or Specialty Brands, Inc.

2. Defendants' Motion to Compel is deferred.

BY THE COURT:

RAYMOND L. ERICKSON
UNITED STATES MAGISTRATE JUDGE

cc: David H. Simmons, Esquire
Drage, de Beaubien, Knight, Simmons,
Mantzaris & Neal, LLP
Post Office Box 87
Orlando, Florida 32802-0087

Ronald J. Schultz, Esquire,
Emmett J. McMahon, Esq.
Keiko Sugisaki, Esq.
Robins, Kaplan, Miller & Ciresi
2800 La Salle Plaza, 800 La Salle Avenue
Minneapolis, MN 55402.