UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Luigino's, Inc.,
a Minnesota Corporation,

Plaintiff,

vs. MINUTE ORDER

Robert Peterson, individually,
and IBP, Inc., a Delaware
corporation,

Defendant. Civ. No. 00-1246 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 8th day of June, 2001.

* * *

On June 7, 2001, the Court heard argument on the parties' informal dispute, which arose during the deposition of Larry Shipley ("Shipley"), who is the Chief Financial Officer of the Defendant IBP, Inc. For these purposes, the Plaintiff appeared by David H. Simmons, Esq., and the Defendant appeared by Emmett J. McMahon, Esq.

At the time of the Hearing, the parties were conducting the deposition of Shipley, at a location in Sioux City, Iowa. According to the Defendant, during the course of the deposition, questions were asked, by the Plaintiff, that dealt with subject matter which was identical to that previously questioned during Shipley's

FILED JUN 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

first deposition, which took place on November 29, 2000. As such, the Defendant requested that the Court issue a Protective Order, so as to limit the Plaintiff's inquiry to specifically designated new subject matters.[1] Without knowing the content of Shipley's first deposition, we concluded that carving those specific limitations could be unfair.

In response to this request, the Plaintiff asserts that, during the course of the deposition, it has not proffered questions identical to those that had been asked of Shipley in his prior deposition. Rather, the Plaintiff contends that its questions pertained only to relevant areas of inquiry, that had not been fully explored during Shipley's previous deposition.

As we expressed at the Hearing, because we were not present during the course of the deposition, we are not positioned to rule

---

[1]The Defendant also requested that the Court intervene, in order to prevent the Plaintiff from videotaping defense counsel's conferences with the Court Reporters, which, allegedly were taking place during breaks in the course of the deposition. As we noted at the time of the Hearing, without some showing of good cause, a recording of that type is not allowed by the Federal Rules of Civil Procedure, which only provides that "[t]he appearance or demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques. See, Rule 30(b)(4), Federal Rules of Civil Procedure. We interpret this provision to prohibit the employment of a video-deposition as an entertainment vehicle, as opposed to a dignified recording of testimony. As such, the parties are directed to refrain from any further recording of attorney behavior, during breaks in deposition testimony, absent further Order of this Court.

ORDERED:

That the parties are directed to complete the deposition of Larry Shipley, under the constraints expressed in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE