UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Luigino's, Inc.,

Plaintiff,

vs. ORDER

IBP, Inc. and
Robert Peterson,

Defendant. Civ. No. 00-1246 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 22nd day of October, 2001.

* * *

On October 11, 2001, the Court heard argument on the Plaintiff's Motion to Compel. At the time of the Hearing, the Plaintiff Luigino's, Inc. ("Luigino's) appeared by John Carver Richards, III, Esq.; and the Defendants IBP, Inc., and Robert Peterson (collectively "IBP") appeared by Emmett J. McMahon, Esq. For reasons which follow, we grant the Plaintiff's Motion, but only in part.

Luigino's Motion to Compel deals with a document entitled "PWC 0302," as well as several other discovery disputes. The issue regarding PWC 0302 was previously raised at a Hearing on July 19, 2001, although, as Luigino's raised the issue for the first time at the Hearing, and without the benefit of briefing or a "meet and confer," we directed the parties to "meet and confer" regarding the

(187)

FILED OCT 22 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

document, and to promptly return to the Court if they were still at an impasse. See, Luiginos, Inc. v. Robert Peterson, Civ. No. 00-1246, Order, at 6 n.1 (D. Minn. July 25, 2001). Thereafter, Luigino's did attempt to utilize this Court's open door policy to raise the issue again, after the parties' "meet and confer," and it contacted the Court, in that regard, on or about July 31, 2001. After a telephone conference with the Court, however, the parties decided that they needed to fully brief the issue, and they secured a Hearing date of September 14, 2001. The Hearing of September 14, 2001, was subsequently postponed, at the request of the parties, because of the uncertainty surrounding the events of September 11, 2001.

Luigino's filed its present Motion on August 30, 2001, in which it raises the issue of PWC 0302, as allowed by our Order of January 25, 2001. Moreover, Luigino's attempts to raise a number of other issues, including IBP's use of Rule 33(d), Federal Rules of Civil Procedure,[1] to respond to several of Luigino's discovery

---

[1]Rule 33(d) provides:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascer-

(continued...)

requests, and IBP's objection to two of the Interrogatories based upon numerosity. According to the operative Scheduling Order in this case, which is dated November 13, 2000, the discovery deadline was June 30, 2001, and the nondispositive Motion deadline was July 30, 2001. Moreover, at no time did we advise Luigino's that it could bring any other issues before the Court, after the non-dispositive Motion deadline had expired. Nor did Luigino's attempt to secure a date and time for a Hearing, on this Motion, until after the nondispositive deadline had passed, even though the Scheduling Order specifically directed that "all nondispositive Motions shall be filed and the Hearing thereon completed prior to July 30, 2001." More troubling, however, is Luigino's failure to acknowledge, in its Motion papers, that the Motion is untimely, so as to request leave of the Court to submit an unseasonable dispute.

---

(...continued)

> taining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Much worse, no showing is made that Luigino's conducted the mandatory "meet and confer" on the vast majority of the newly filed disputes -- other than that pertaining to PWC 0302 -- until the day it filed its present Motion to Compel. See, Exhibits E - G, attached to Declaration of Emmett J. McMahon. Given these fatal deficiencies, we will not consider the issues raised by Luigino's other than that presented by the PWC 0302 document. Consequently, we deny, as untimely all of the newly filed Motions except that relating to PWC 0302.[2]

PWC 0302 is one of the many documents that was relied upon by IBP's damages expert, Cate Elsten ("Elsten"), in compiling her expert report. Elsten's report was completed on May 16, 2001, with the report of Luigino's damages expert, Donald Nicholson ("Nicholson"), having been completed on April 2, 2001.[3] During his depo-

---

[2]Notwithstanding Luigino's argument, that some flexibility should be afforded the parties in submitting disputes that the party deems significant, to do so vitiates the command of the Court's Scheduling Order, and penalizes those litigants who timely bring their disputes to the Court's attention, only to have the resolution of those disputes unnecessarily delayed because of the sloth, oversight, indifference, or disregard, of those parties who do not comply with applicable pretrial deadlines.

[3]Nicholson's Rebuttal Report was completed on June 1, 2001, and, on June 5, 2001, Luigino's noticed a Rule 30(b)(6) deposition, which IBP contends would have cleared up any confusion Luigino's may have had with respect to the PWC 0302 document, especially since IBP planned on proffering Manny Martinez as IBP's representative on two of the noticed topics. However, Luigino's later (continued...)

sition on June 27, 2001, Nicholson raised questions regarding PWC 0302, as he felt that there were inconsistencies between that document, and other Specialty Brands, Inc. ("SBI") data for the year ending December of 2000. Thereafter, Luigino's attempted to ascertain the origin of PWC 0302. During Elsten's deposition on June 28, 2001, she explained that the document was prepared in the ordinary course of business at IBP. However, on July 25, 2001, IBP advised that PWC 0302 was actually prepared solely for the purpose of the pending litigation, but that the underlying information, from which the document was compiled, was kept in the ordinary course of business by IBP. Since that time, however, Nicholson has been unable to reconcile the document with the other information he has received from IBP. Therefore, Luigino's believes that there must be some documents that have not been disclosed, to date, by IBP, and requests that we direct IBP to turn over the documents upon which PWC 0302 is based, and allow Luigino's to take the deposition of Manny Martinez, who was identified, by Elsten, as the individual at SBI who provided her with PWC 0302.

In contrast, IBP asserts that Luigino's waived it right to contest the issues surrounding PWC 0302, as its concerns about the

---

(...continued)
decided not to proceed with the Rule 30(b)(6) deposition, ostensibly because it believed that Elsten would be able to answer its questions regarding the origin, and anomalies, of PWC 0302.

document could have been resolved through the Rule 30(b)(6) deposition it had previously noticed for mid- to late-June of 2001, but later decided not to conduct. IBP further asserts that there are no inconsistencies between PWC 0302, and the financial documents that IBP had previously disclosed. IBP contends that any perceived inconsistencies are attributable to the misperceptions of Luigino's expert. IBP also urges that PWC 0302 is only one document which Elsten reviewed, and that it is, therefore, not necessary to reopen discovery simply because Luigino's is unable to reconcile one document out of the many that Elsten reviewed.

At the commencement of argument, IBP advised the Court that, while it maintains that it was not required to do so, it has just recently produced the underlying documents, which support the information contained in PWC 0302, to Luigino's counsel in Florida and in Minneapolis.[4] Therefore, the only remaining issue is Luigino's request to depose a representative of IBP -- namely, Manny Martinez -- to ascertain the origin, and to explain any perceived inconsistencies, in PWC 0302. We conclude, however, that a deposition is unnecessary. We direct IBP to present a written explana-

---

[4]According to counsel for Luigino's, however, the Florida and Minneapolis counsel had yet to receive the documents on the morning of the Hearing. Moreover, even if the documents were produced as stated, Luigino's maintains its position that it requires a deposition to clear up any issues regarding PWC 0302.

tion of how the numbers in PWC 0302 were derived, and then to sign the explanation with such a certification as would equate the explanation with the binding effect of an Answer to an Interrogatory. We substantially doubt that any further uncertainty, about the substance of PWC 0302, will remain now that Luigino's has received the underlying documents, and after the explanation we direct. If such uncertainty does remain, however, Luigino's may seek clarification at the time of Trial, should any aspect of PWC prove to be relevant. Therefore, to the limited extent outlined in this Order, we grant the Plaintiff's Motion to Compel.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Compel [Docket No. 177] is GRANTED in part, as more fully explained in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE